# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF MAINE

|  |  |
|---|---|
| MICHAEL S. GRENDELL, <br><br> Plaintiff <br><br> v. <br><br> STATE OF MAINE, *et al.*, <br><br> Defendants. | CIVIL ACTION NO.: 1:19-cv-00419-JDL |

## <u>DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT</u>

Now come the defendants the State of Maine, the Maine State Police, John E. Cote, Christopher Grotton, Brian MacMaster, Brian Bean, Robert Burke, Alden Bustard, Bernard Campbell, Jeremy Caron, David Coflesky, Bryan Creamer, Andrew Hardy, Christopher Harriman, Caleb McGary, Jeffrey Mills, Jonah O'Roak, Gregory Roy, Benjamin Sweeney, and Chris Tremblay and answer plaintiff's complaint as follows:

1.   Defendants are without information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

2.   Defendants admit that defendants Cote, Grotton, and MacMaster are employees of the State of Maine and that the Maine State Police is an agency of the State of Maine. Defendants otherwise deny the allegations made in this paragraph.

3.   Defendants are without information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them

4.   Defendants admit that all of the listed individuals other than Steve Morrell are members of the Maine State Police and otherwise deny the allegations made in this paragraph.

5.      Defendants are without information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

6.      Defendants admit that this Court has jurisdiction over the federal claims and otherwise deny the allegations made in this paragraph.

7.      Defendants admit that claims are made under these provisions but deny that the claims have merit.

8.      Defendants admit that venue is proper.

9.      Defendants admit that plaintiff is requesting a trial by jury.

10.     Defendants incorporates by reference their responses to the preceding allegations.

11.     Defendants are without information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

12.     Defendants are without information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

13.     Defendants are without information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

14.     Defendants admit that on June 27, 2018 Michael Grendel had encounters with Lee Bell in which Grendell displayed a firearm and a hatchet and shot at Bell (striking the vehicle he was driving) and are otherwise without information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

15.     Defendants admit that on June 28, 2018, Lee Bell notified the Maine State Police regarding Grendell's conduct the previous day, that Grendell was going through some sort of mental health crisis, and that Bell said that he had not called the Maine State

Police the previous night because he was concerned that Grendell would be shot, and
defendants otherwise deny the allegations made in this paragraph.

15.    [sic]  Defendants deny the allegations made in this paragraph.

16.    Defendants admit that on June 28, 2018, at 12:15 p.m., Trooper Caron was dispatched to
Bell's residence on Lear Lane in Dixmont regarding Lee Bell having been shot at by
Grendell and that Bell told Caron that Grendell was "going through some sort of mental
health crisis" and that Bell wanted to assist Grendell in getting help.  Defendants are
otherwise without information sufficient to form a belief as to the truth of the allegations
made in this paragraph and therefore deny them.

17.    Defendants admit the allegations made in this paragraph.

18.    Defendants admit the allegations made in this paragraph.

19.    Defendants admit that Trooper Creamer reported:  "After several times calling on the PA,
Grendell exited the residence and appeared to be in only his underwear.  Grendell said
something that I could not hear from the position that I was in.  Grendell then turned and
went back into his residence closing the door."  Defendants otherwise deny the
allegations made in this paragraph.

20.    Defendants admit that the three Troopers did not take Grendell into protective custody
and otherwise deny the allegations made in this paragraph.

21.    Defendants admit the allegations made in this paragraph.

22.    Defendants deny that Detective Roy "activated . . . additional officers to secure the
perimeter" and otherwise admit the allegations made in this paragraph.

23.    Defendants admit that at 1425 hours, Bustard reported that ADA Brandon Trainor stated
that he would approve charges for Reckless Conduct with a Firearm.  Defendants are

3

otherwise without information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

24.     Defendants deny that it was "over the next several minutes" and otherwise admit the allegations made in this paragraph.

25.     Defendants admit the allegations made in this paragraph.

26.     Defendants admit the allegations made in this paragraph.

27.     Defendants admit the allegations made in this paragraph.

28.     With the qualification that Casey stated that Grendell had no functioning telephone at that time, defendants admit the allegations made in this paragraph.

29.     Defendants admit that Grendell stepped out of the house holding a dog by a leash, carrying a handgun, and with a rifle strapped on his back and that he activated his truck's alarm, and otherwise deny the allegations made in this paragraph.

30.     Defendants admit the allegations made in this paragraph.

31.     Defendants are without information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

32.     Defendants admit that the Incident Management Assistance Team and the Bomb Squad responded to the incident and otherwise deny the allegations made in this paragraph.

33.     Defendants admit that the warrants do not expressly reference the use of firearms or explosive breaching devices and otherwise deny the allegations made in this paragraph.

34.     Defendants admit the allegations made in this paragraph.

35.     Defendants admit that Grendell questioned whether troopers were the real police, that the LENCO pole-arm was used to breach a window, and that Grendell fired at the LENCO, and defendants otherwise deny the allegations made in this paragraph.

36.     Defendants admit the allegations made in this paragraph.

37.     Defendants admit the allegations made in this paragraph.

38.     With the qualification that the K9's name is "Haro," defendants admit the allegations made in this paragraph.

39.     Defendants admit the allegations made in this paragraph.

40.     Defendants admit the allegations made in this paragraph.

41.     Defendants admit the allegations made in this paragraph.

42.     Defendants admit the allegations made in this paragraph.

43.     Defendants admit the allegations made in this paragraph.

44.     Defendants admit the allegations made in this paragraph.

45.     Defendants admit the allegations made in this paragraph.

46.     Defendants deny the allegations made in this paragraph.

47.     Defendants admit that Neagle met his teammate, Caleb McGary, who was the acting OIC, and otherwise deny the allegations made in this paragraph.

48.     Defendants admit the allegations made in this paragraph.

49.     Defendants admit the allegations made in this paragraph.

50.     With the qualification that it was Grendell's neighbors who reported he was "suffering mentally," defendants admit the allegations made in this paragraph.

51.     Defendants admit the allegations made in this paragraph.

52.     Defendants admit that Trooper Sucy reported what is alleged but deny that the rifle was a Civil War replica.

53.     Defendants admit the allegations made in this paragraph

54.     Defendants admit the allegations made in this paragraph.

55. Defendants deny that it was at 5:15 a.m. that the window was breached and deny that Grendell was "returning" fire. Defendants otherwise admit the allegations made in this paragraph.

56. Defendants admit the allegations made in this paragraph.

57. Defendants admit the allegations made in this paragraph.

58. Defendants admit the allegations made in this paragraph.

59. Defendants admit the allegations made in this paragraph.

60. Defendants admit that Major Grotton met with Lt. Rod Charette and other supervisors and received a briefing and otherwise deny the allegations made in this paragraph.

61. Defendants admit that Major Grotton spoke with Detective Roy and approved the request for assistance from the New Hampshire State Police Tactical Team and the Maine State Police Bomb/Explosives Unit, and defendants admit that Major Grotton asked the Bangor Police Department to send its LENCO to the scene. Defendants otherwise deny the allegations made in this paragraph.

62. Defendants admit the allegations made in this paragraph.

63. Defendants admit that Colonel Cote spoke to Brian MacMaster of the Attorney General's office and that there was unified command decision to use an explosive breaching charge. Defendants deny that MacMaster was part of the unified command decision and otherwise deny the remaining allegations made in this paragraph.

64. Defendants admit the allegations made in this paragraph.

65. With the qualification that this occurred at 5:13 a.m., defendants admit the allegations made in this paragraph.

66. Defendants deny the allegations made in this paragraph

67.    Defendants admit the allegations made in this paragraph.

68.    Defendants deny that this was "all done through the Governmental officials [sic] own
        actions" and otherwise admit the allegations made in this paragraph.

69.    Defendants admit the allegations made in this paragraph.

70.    Defendants admit that Corporal Macdonald reported as is alleged in this paragraph.

71.    Defendants deny the allegations made in this paragraph

72.    Defendants admit that Grendell picked up a rifle and was shot by McGary and Hardy and
        otherwise deny the allegations made in this paragraph.

73.    Defendants deny the allegations made in this paragraph

74.    Defendants admit the allegations made in this paragraph.

75.    The defendants admit the allegations made in this paragraph.

76.    Defendants are without information sufficient to form a belief as to the truth of the
        allegations made in this paragraph and therefore deny them.

77.    Defendants are without information sufficient to form a belief as to the truth of the
        allegations made in this paragraph and therefore deny them.

78.    Defendants are without information sufficient to form a belief as to the truth of the
        allegations made in this paragraph and therefore deny them.

79.    Defendants are without information sufficient to form a belief as to the truth of the
        allegations made in this paragraph and therefore deny them.

80.    Defendants are without information sufficient to form a belief as to the truth of the
        allegations made in this paragraph and therefore deny them

81.    Defendants are without information sufficient to form a belief as to the truth of the
        allegations made in this paragraph and therefore deny them.

82.    Defendants are without information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

83.    With the qualification that it was Lee Bell who reported Grendell was having a mental health crisis, defendants admit the allegations made in this paragraph.

84.    Defendants admit the allegations made in this paragraph.

85.    Defendants admit that the search warrant did not expressly reference the listed actions and otherwise deny the allegations made in this paragraph.

86.    Defendants deny the allegations made in this paragraph.

87.    Defendants deny the allegations made in this paragraph.

88.    Defendants admit that the arrest warrant did not expressly reference the use of deadly force and otherwise deny the allegations made in this paragraph.

89.    Defendants deny that Grendell suffered a loss of his civil and constitutional rights and are otherwise without information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

90.    The defendants deny the allegations made in this paragraph.

91.    The defendants deny the allegations made in this paragraph.

92.    Defendants are without information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

93.    The defendants deny the allegations made in this paragraph.

94.    Defendants incorporate by reference their responses to the preceding paragraphs.

95.    The defendants deny the allegations made in this paragraph.

96.    The defendants deny the allegations made in this paragraph.

97.    The defendants deny the allegations made in this paragraph.

98.    The defendants deny the allegations made in this paragraph.

99.    The defendants deny the allegations made in this paragraph.

100.    The defendants deny the allegations made in this paragraph.

101.    The defendants deny the allegations made in this paragraph.

102.    The defendants deny the allegations made in this paragraph.

103.    The defendants deny the allegations made in this paragraph.

104.    The defendants deny the allegations made in this paragraph.

105.    The defendants deny the allegations made in this paragraph.

106.    The defendants deny the allegations made in this paragraph.

107.    The defendants deny the allegations made in this paragraph.

108.    The defendants deny the allegations made in this paragraph.

109.    The defendants incorporate by reference their responses to the preceding paragraphs.

110.    The defendants deny the allegations made in this paragraph.

111.    The defendants deny the allegations made in this paragraph.

112.    The defendants deny the allegations made in this paragraph.

113.    The defendants deny the allegations made in this paragraph.

114.    The defendants deny the allegations made in this paragraph.

115.    The defendants deny the allegations made in this paragraph.

116.    The defendants deny the allegations made in this paragraph.

117.    The defendants deny the allegations made in this paragraph.

118.    The defendants deny the allegations made in this paragraph.

119.    The defendants deny the allegations made in this paragraph.

120.    The defendants deny the allegations made in this paragraph.

121.    The defendants deny the allegations made in this paragraph.

122.    The defendants deny the allegations made in this paragraph.

123.    The defendants deny the allegations made in this paragraph.

124.    The defendants deny the allegations made in this paragraph.

125.    The defendants deny the allegations made in this paragraph.

126.    The defendants incorporate by reference their responses to the preceding paragraphs

127.    The defendants deny the allegations made in this paragraph.

128.    The defendants deny the allegations made in this paragraph.

129.    The defendants deny the allegations made in this paragraph.

129.    [sic] The defendants deny the allegations made in this paragraph.

130.    The defendants deny the allegations made in this paragraph.

131.    The defendants deny the allegations made in this paragraph.

132.    The defendants deny the allegations made in this paragraph.

133.    The defendants deny the allegations made in this paragraph.

134.    The defendants deny the allegations made in this paragraph.

135.    The defendants deny the allegations made in this paragraph.

136.    The defendants deny the allegations made in this paragraph.

137.    The defendants deny the allegations made in this paragraph.

138.    The defendants deny the allegations made in this paragraph.

139.    Defendants admit that plaintiff has accurately quoted excerpts from 28 C.F.R. § 35.160
        and otherwise deny the allegations made in this paragraph.

140.    The defendants deny the allegations made in this paragraph.

141.    The defendants deny the allegations made in this paragraph.

142.  The defendants deny the allegations made in this paragraph.

143.  The defendants deny the allegations made in this paragraph.

144.  The defendants incorporate by reference their responses to the preceding paragraphs.

145.  The defendants deny the allegations made in this paragraph.

146.  The defendants deny the allegations made in this paragraph.

147.  The defendants deny the allegations made in this paragraph.

148.  The defendants deny the allegations made in this paragraph.

149.  The defendants incorporate by reference their responses to the preceding paragraphs.

150.  The defendants deny the allegations made in this paragraph.

151.  The defendants deny the allegations made in this paragraph.

152.  The defendants deny the allegations made in this paragraph.

153.  The defendants deny the allegations made in this paragraph.

154.  The defendants deny the allegations made in this paragraph.

155.  The defendants deny the allegations made in this paragraph.

156.  The defendants deny the allegations made in this paragraph.

157.  The defendants deny the allegations made in this paragraph.

158.  The defendants incorporate by reference their responses to the preceding paragraphs.

159.  The defendants deny the allegations made in this paragraph.

160.  The defendants deny the allegations made in this paragraph.

161.  The defendants deny the allegations made in this paragraph

162.  The defendants incorporate by reference their responses to the preceding paragraphs.

163.  Defendants admit that a LENCO was used to breach a window in Grendell's house and that Grendell was shot and otherwise deny the allegations made in this paragraph.

164.	The defendants deny the allegations made in this paragraph.

165.	The defendants deny the allegations made in this paragraph.

166.	The defendants deny the allegations made in this paragraph.

167.	The defendants deny the allegations made in this paragraph.

168.	The defendants deny the allegations made in this paragraph.

169.	The defendants deny the allegations made in this paragraph.

170.	The defendants deny the allegations made in this paragraph.

171.	The defendants deny the allegations made in this paragraph.

172.	The defendants incorporate by reference their responses to the preceding paragraphs.

173.	Defendants are without information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

174.	The defendants deny the allegations made in this paragraph.

175.	The defendants deny the allegations made in this paragraph.

176.	The defendants deny the allegations made in this paragraph.

177.	The defendants admit that 34-B M.R.S. § 3862(1) states: "When formulating probable cause, the law enforcement officer may rely upon information provided by a 3rd-party informant if the officer confirms that the informant has reason to believe, based upon the informant's recent personal observations of or conversations with a person, that the person may be mentally ill and that due to that condition the person presents a threat of imminent and substantial physical harm to that person or to other persons." Defendants otherwise deny the allegations made in this paragraph.

178.	The defendants deny the allegations made in this paragraph.

179.	The defendants deny the allegations made in this paragraph.

180.   The defendants deny the allegations made in this paragraph.

181.   The defendants deny the allegations made in this paragraph.

182.   The defendants deny the allegations made in this paragraph.

183.   The defendants incorporate by reference their responses to the preceding paragraphs.

184.   The defendants deny the allegations made in this paragraph.

185.   The defendants deny the allegations made in this paragraph.

186.   The defendants deny the allegations made in this paragraph.

187.   The defendants deny the allegations made in this paragraph.

188.   The defendants deny the allegations made in this paragraph.

189.   The defendants deny the allegations made in this paragraph.

190.   The defendants deny the allegations made in this paragraph.

191.   The defendants deny the allegations made in this paragraph.

192.   The defendants deny the allegations made in this paragraph.

193.   The defendants deny the allegations made in this paragraph.

194.   The defendants deny the allegations made in this paragraph.

195.   The defendants deny the allegations made in this paragraph.

196.   The defendants deny the allegations made in this paragraph.

197.   The defendants deny the allegations made in this paragraph.

198.   The defendants deny the allegations made in this paragraph.

199.   The defendants deny the allegations made in this paragraph.

200.   The defendants admit that they did not employ batons, tear gas, pepper spray, Tasers, chemical mace, or "less than lethal munitions" and otherwise deny the allegations made in this paragraph.

201.    The defendants deny the allegations made in this paragraph.

202.    The defendants deny the allegations made in this paragraph.

203.    The defendants deny the allegations made in this paragraph.

204.    The defendants deny the allegations made in this paragraph.

205.    The defendants deny the allegations made in this paragraph.

206.    The defendants deny the allegations made in this paragraph.

207.    The defendants deny the allegations made in this paragraph.

208.    The defendants deny the allegations made in this paragraph.

209.    The defendants deny the allegations made in this paragraph.

210.    The defendants deny the allegations made in this paragraph.

211.    The defendants deny the allegations made in this paragraph.

212.    Defendants admit that the plaintiff is seeking this relief but deny that he is entitled to it.

213.    The defendants deny the allegations made in this paragraph.

214.    The defendants deny the allegations made in this paragraph.

215.    The defendants incorporate by reference their responses to the preceding paragraphs.

216.    The defendants deny the allegations made in this paragraph.

217.    The defendants deny the allegations made in this paragraph.

218.    The defendants deny the allegations made in this paragraph.

219.    The defendants deny the allegations made in this paragraph.

220.    The defendants deny the allegations made in this paragraph.

221.    The defendants admit that the plaintiff alleges that defendants are liable but deny that
        they are liable and otherwise deny the allegations made in this paragraph.

222.    The defendants deny the allegations made in this paragraph.

223.   The defendants deny the allegations made in this paragraph.

224.   The defendants deny the allegations made in this paragraph.

225.   The defendants deny the allegations made in this paragraph.

226.   The defendants deny the allegations made in this paragraph.

227.   The defendants deny the allegations made in this paragraph.

228.   The defendants deny the allegations made in this paragraph.

229.   The defendants deny the allegations made in this paragraph.

230.   The defendants incorporate by reference their responses to the preceding paragraphs.

231.   The defendants deny the allegations made in this paragraph.

232.   The defendants deny the allegations made in this paragraph.

233.   The defendants deny the allegations made in this paragraph.

234.   The defendants deny the allegations made in this paragraph.

235.   The defendants deny the allegations made in this paragraph.

236.   The defendants deny the allegations made in this paragraph.

237.   The defendants deny the allegations made in this paragraph.

238.   The defendants deny the allegations made in this paragraph.

239.   The defendants deny the allegations made in this paragraph.

240.   The defendants deny the allegations made in this paragraph.

241.   The defendants incorporate by reference their responses to the preceding paragraphs.

242.   The defendants deny the allegations made in this paragraph.

243.   The defendants deny the allegations made in this paragraph.

244.   The defendants deny the allegations made in this paragraph.

245.   The defendants deny the allegations made in this paragraph.

246.    The defendants deny the allegations made in this paragraph.

247.    The defendants incorporate by reference their responses to the preceding paragraphs.

248.    The defendants deny the allegations made in this paragraph.

249.    The defendants deny the allegations made in this paragraph.

250.    The defendants deny the allegations made in this paragraph.

251.    The defendants deny the allegations made in this paragraph.

252.    The defendants incorporate by reference their responses to the preceding paragraphs.

253.    Defendants admit that Grendell makes a claim against them but deny that they are liable.

254.    The defendants deny the allegations made in this paragraph.

255.    The defendants deny the allegations made in this paragraph.

256.    The defendants incorporate by reference their responses to the preceding paragraphs.

257.    The defendants deny the allegations made in this paragraph.

258.    The defendants deny the allegations made in this paragraph.

259.    The defendants deny the allegations made in this paragraph.

260.    The defendants deny the allegations made in this paragraph.

261.    The defendants deny the allegations made in this paragraph.

262.    The defendants incorporate by reference their responses to the preceding paragraphs.

263.    The defendants deny the allegations made in this paragraph.

264.    The defendants deny the allegations made in this paragraph.

**AFFIRMATIVE DEFENSES**

1.    Plaintiff fail to state a claim upon which relief may be granted.

2.    Plaintiff's claims are barred by sovereign immunity, including, but not limited to, the

immunity provided by the Eleventh Amendment to the United States Constitution.

16

3.      Defendants' conduct did not violate any clearly established statutory or constitutional right of which a reasonable official would have known, and defendants are thus entitled to qualified immunity.

4.      The defendants' actions were not part of a service, program, or activity covered by the Americans with Disabilities Act, Rehabilitation Act, or Maine Human Rights Act.

5.      Plaintiff was not a qualified individual with a disability.

6.      Some or all of plaintiff's claims are not enforceable through 42 U.S.C. § 1983.

7.      Plaintiff's claims, in whole or in part, are barred by the immunities provided under the Maine Tort Claims Act, 14 M.R.S. § 8101–8116.

8.      The defendants were not required to provide reasonable accommodations to plaintiff due to exigent circumstances.

9.      The defendants were not required to provide reasonable accommodations to plaintiff because he posed a direct threat to the health or safety of others.

10.     Plaintiff lacks standing to bring some or all of his claims.

11.     The Americans with Disabilities Act, Rehabilitation Act, and Maine Human Rights Act do not permit recovery against a governmental entity on the basis of vicarious liability.

12.     The defendants' actions were based upon legitimate non-discriminatory reasons.

13.     Plaintiff is barred from any recovery because plaintiff's own conduct was the sole proximate cause of the alleged damages.

14.     Defendants were acting out of necessity and/or in self-defense and/or otherwise had a justifiable motive for the use of force.

DATED:  November 26, 2019                    Respectfully submitted,

                                             AARON M. FEY
                                             Attorney General

                                             /s/ Christopher C. Taub
                                             Christopher C. Taub, Dep. Atty. Gen.
                                             Christopher.C.Taub@maine.gov
                                             Jonathan R. Bolton, Asst. Atty. Gen.
                                             Jonathan.Bolton@maine.gov
                                             Six State House Station
                                             Augusta, Maine  04333-0006
                                             Tel.  (207) 626-8800
                                             Fax (207) 287-3145

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 26th day of November, 2019, I electronically filed the

above document with the Clerk of Court using the CM/ECF system which will send notification

of such filing to the following:

DAVID W. BATE
davidbatelaw@gmail.com

EZRA A.R. WILLEY
ezra@willeylawoffices.com

N. LAURENCE WILLEY , JR
lwilley@midmaine.com

                                             /s/ Christopher C. Taub
                                             CHISTOPHER C. TAUB
                                             Deputy Attorney General
                                             Six State House Station
                                             Augusta, Maine  04333-0006
                                             Tel.  (207) 626-8800
                                             Fax (207) 287-3145